# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) Ann Shelby, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 2) Rebecca Nyhus and Jordan Berry d/b/a Plasticland, a Texas unincorporated business, 3) C & F Enterprises, Inc. d/b/a Gallerie II, a Virginia corp., 4) Socksmith Design, Inc., a California corp., 5) Forum Novelties, Inc., a New York corp., 6) HK Web Marketing LLC, d/b/a Wonder Costumes, LLC, a Florida limited liability co.,  7) Spencer Gifts, LLC., a Delaware limited liability co., 8) BlockBuster Costumes LLC, a Delaware limited liability co., 9) Dreamway Trading, LLC, d/b/a Zeckos, a Florida limited liability co.; and 10) Walmart.com USA, LLC, a California limited liability co.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-16-432-D |
| | ) |
| Defendants. | ) |

## DEFENDANTS REBECCA NYHUS AND JORDAN BERRY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND SUPPORTING BRIEF

Craig A. Fitzgerald, OBA No. 15233
Barbara M. Moschovidis, OBA No. 31161
**GableGotwals**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 595-4990 (fax)
**Attorneys for Defendants Rebecca Nyhus and Jordan Berry d/b/a Plasticland**

June 27, 2016

{1504850;2}

Defendants Rebecca Nyhus and Jordan Berry d/b/a Plasticland, move the Court for dismissal from this action, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

## INTRODUCTION

Plasticland is a sole proprietorship owned by Defendant Rebecca Nyhus. Nyhus opened Plasticland as an alternative fashion boutique in 2002, with the support of her husband, Defendant Jordan Berry.[1] (*See* <u>Exhibit 1</u>, Affidavit of Rebecca Nyhus, ¶ 2.) Nyhus originally operated Plasticland from a storefront in the Hillcrest District of San Diego. (*See* <u>Exhibit 2</u>, Website Excerpts.) In 2005, Nyhus closed the San Diego store to focus solely on a web-based business—www.shopplasticland.com. (Ex. 2, Website Excerpts.) Nyhus and Berry relocated to Plano, Texas, where they have expanded Plasticland's offerings to include home décor and gift items, as well as retro, punk, mod, rockabilly, gothic, urban, and Japanese street inspired fashions. (Ex. 2, Website Excerpts.) While Plasticland's catalog has grown, Nyhus and Berry have "kept the company small and continue to run it [them]selves to ensure a more personal experience for [their] customers." (Ex. 2, Website Excerpts.)

Nyhus and Berry are domiciled in Texas and maintain Plasticland's offices there. (Ex. 1, Nyhus Aff. ¶¶ 1-2.) Plasticland's online store is a commercial, interactive website accessible worldwide. While Plasticland has shipped products to all fifty states and internationally from its warehouses in Plano, it does not target any particular location. Nowhere on its website or Facebook page does Plasticland specifically direct its products or marketing efforts to Oklahoma. (Ex. 2, Website Excerpts.)

---

[1] Berry is an employee of Plasticland, and not an owner. (Ex. 1, Nyhus Aff. ¶ 2.)

Plaintiff Ann Shelby, an Oklahoma resident, brings this action against Nyhus and Berry d/b/a Plasticland, alleging that they purchased and resold on Plasticland's website a Dia de los Muertos ("Day of the Dead") mask and two sock designs that infringe on Plaintiff's copyrighted works. Plaintiff's basis for personal jurisdiction over Nyhus and Berry in Oklahoma is Plasticland's online offering of the alleged "infringing" goods for resale—and Plaintiff's unilateral efforts to connect Nyhus and Berry to Oklahoma by purchasing the alleged "infringing" products from Oklahoma.

This is not Plaintiff's first time to allege personal jurisdiction on this basis. In a strikingly similar lawsuit, *Shelby v. Bauer Pac. Imports, LLC*, No. CIV-15-488-C, 2015 WL 4496205 (W.D. Okla. July 22, 2015) (Cauthron, J.), Plaintiff sought to assert personal jurisdiction over a Chicago-based company based solely on its online sale of alleged "infringing" merchandise. The court rightly found that isolated sales of the so-called "infringing" merchandise, including sales to Plaintiff herself, were insufficient to subject the defendant to jurisdiction in Oklahoma.

For the same reasons, the Court lacks personal jurisdiction over Nyhus and Berry in this case. Nyhus and Berry have neither established "continuous or systematic contacts" with Oklahoma to warrant general personal jurisdiction, nor purposely directed their activities at Oklahoma residents, as required for specific personal jurisdiction. Finally, requiring Nyhus, the proprietor of a small business with only attenuated and isolated contacts with this state, and Berry, an employee, to defend this lawsuit in Oklahoma is inconsistent with due process notions of "fair play and substantial justice." Nyhus and Berry should be dismissed from this case.

## ARGUMENT AND AUTHORITIES

**I.  The Law of Personal Jurisdiction**

A court cannot grant any form of relief against a defendant unless the defendant is amenable to the court's personal jurisdiction. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Plaintiff bears the burden of establishing personal jurisdiction over each defendant. *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

*Peay v. Bellsouth Med. Ass'n Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted). The federal Copyright Act, 17 U.S.C. § 101 *et seq.*, under which Plaintiff asserts her claims, does not provide for nationwide service of process. *See, e.g., Dudnikov*, 514 F.3d at 1070; *A to Z Mach. Serv., LLC v. Nat'l Storm Shelter, LLC*, No. CIV-10-422-C, 2010 WL 3081519, at *1, (W.D. Okla. Aug. 6, 2010). Therefore, Federal Rule of Civil Procedure 4(k)(1)(A) requires the Court to apply the law of the forum state, Oklahoma. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); *Dudnikov*, 514 F.3d at 1070. Oklahoma permits personal jurisdiction to be exercised "on any basis consistent with the Constitution of this state and the Constitution of the United States." Okla. Stat. tit. 12, § 2004(F). Accordingly, the due process requirements of the United States Constitution determine whether this Court may exercise personal jurisdiction over Nyhus and Berry.

The Supreme Court has held that "to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and

substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe*, 326 U.S. at 316). In assessing a defendant's contacts with the forum state, the Court may consider two types of personal jurisdiction: general and specific. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988).

> Jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum state is "specific jurisdiction." In contrast, where the suit does not arise from or relate to the defendant's contacts with the forum and jurisdiction is based on the defendant's presence or accumulated contacts with the forum, the court exercises "general jurisdiction."

*Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985).

### A. General Jurisdiction

Consistent with constitutional due process, a court may exercise general personal jurisdiction over a defendant who has "continuous or systematic contacts" with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8, 9 (1984). But, as Daimler warns, "'continuous activity of some sorts within a state is not enough to support the demand that the [defendant] be amenable to suits unrelated to that activity.'" *Daimler*, 134 S. Ct. at 757 (quoting *Int'l Shoe*, 326 U.S. at 318). The contacts must be such that the defendant could reasonably anticipate being haled into court in that forum. *See Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 146 (10th Cir. 1992). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

### B. Specific Jurisdiction

A court may exercise specific personal jurisdiction over a defendant if the defendant has "'purposefully directed' its activities at residents of the forum state" and the plaintiff's injuries "'arise out of' defendant's forum-related activities." *Dudnikov*, 514

F.3d at 1071 (quoting *Burger King*, 471 U.S. at 472). Any assertion of specific jurisdiction "must always be consonant with traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1071 (citing *Int'l Shoe*, 326 U.S. at 316).

The Supreme Court recently addressed the "minimum contacts" necessary to create specific jurisdiction in *Walden v. Fiore*, 134 S. Ct. 1115 (2014). The Court noted that "to exercise jurisdiction consistent with due process, the defendant's suit related-conduct must create a substantial connection with the forum State." *Id*. at 1121. This connection "must arise out of contacts that the 'defendant *himself*' creates with the forum State," *id*. at 1122 (emphasis original), and the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. The Court thus stated:

> [T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State.

*Id*.

II. **Nyhus and Berry lack minimum contacts with Oklahoma to support general or specific jurisdiction.**

With regard to personal jurisdiction over Nyhus and Berry, the Complaint alleges only that

> Plasticland purports to have started in 2002 as an alternative to the super trendy, cookie-cutter fashions found at the mall. They claim not to have a

> storefront and conduct all business online. Additionally, they claim to offer a fun and unique selection of products including masks and socks. Plasticland also maintains a broad social media and online seller presence. See, for example, https://www.facebook.com/plasticland. Plasticland offers its products for sale locally and via shipping throughout the United States and internationally.

(Compl., Dkt. 1, ¶ 4.) These vague and conclusory allegations do not support general or specific jurisdiction over Nyhus and Berry.

### A. Nyhus and Berry have not established "continuous or systematic contacts" with Oklahoma to support general jurisdiction.

The Complaint fails to allege any facts showing that Nyhus and Berry have contacts with Oklahoma so continuous and systematic as to render them "at home" here, as required to support general personal jurisdiction. The Tenth Circuit has identified a number of factors relevant to whether general personal jurisdiction exists, including whether a defendant: (1) engages in business in the forum; (2) is licensed to do business in the forum; (3) owns, leases, or controls property (real or personal) or assets in the forum; (4) maintains employees, offices, agents, or bank accounts in the forum; (5) has shareholders residing in the forum; (6) maintains phone or fax listings in the forum; (7) advertises or solicits business in the forum; (8) travels to the forum by way of salespersons, etc.; (9) pays taxes in the forum; (10) visits potential customers in the forum; (11) recruits employees in the forum; and (12) generates a substantial percentage of its national sales through revenue generated from in-state customers. *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295-96 (10th Cir. 1999) (citation omitted). These factors may help to inform the general jurisdiction inquiry post-*Daimler*. *See Allen v. IM Solutions, LLC*, --- F. Supp. 3d ----, No. CIV-14-213-JHP, 2015 WL 71468, at *4-5 (E.D. Okla. Jan. 6, 2015) (considering certain of the *Soma* factors).

As shown by the Affidavit of Rebecca Nyhus, Plasticland's sole proprietor, those factors are not present here:

- Nyhus and Berry are domiciled in Texas. They have no property, assets, or bank accounts in Oklahoma and do not pay Oklahoma taxes. Nyhus and Berry have never traveled to Oklahoma. (Ex. 1, Nyhus Aff. ¶ 1.)

- Plasticland is an unincorporated business entity solely owned by Nyhus. Plasticland is not licensed to do business in Oklahoma. Berry is an employee of Plasticland, and not an owner. (Ex. 1, Nyhus Aff. ¶ 2.)

- Plasticland has no brick-and-mortar retail store, but operates exclusively through its website, www.shopplasticland.com. Plasticland's warehouses are located in Plano, Texas. (Ex. 1, Nyhus Aff. ¶ 3.)

- Plasticland has no footprint in Oklahoma. It has no property or assets in Oklahoma, no office or place of business, no mailing address or telephone listings, no bank accounts, no staff, and no registered agent. (Ex. 1, Nyhus Aff. ¶ 4.)

- Plasticland does not send salespeople to Oklahoma, visit potential customers in Oklahoma, or recruit employees in Oklahoma. (Ex. 1, Nyhus Aff. ¶ 5.)

- Plasticland does not actively and deliberately advertise or solicit business from residents of Oklahoma. Neither Plasticland's website nor facebook page specifically mentions Oklahoma. (*See* Ex. 2, Website Excerpts.)

- The total revenue generated from sales to Oklahoma customers over the last three years is $15,139.75.40, or 0.79 % of sales. Oklahoma revenue thus accounts for less than one percent of Plasticland's total revenue. (Ex. 1, Nyhus Aff. ¶ 6.)

In light of these facts, far from being essentially "at home" in Oklahoma, Nyhus, Berry, and Plasticland have no presence in and minimal deliberate contact with Oklahoma.

Moreover, although Plasticland maintains a website, this fact in itself is insufficient to subject Nyhus and Berry to general personal jurisdiction in Oklahoma under the standards set forth in *Daimler*. 134 S. Ct. at 761-62; *see also Soma Med. Int'l*, 196 F.3d at 1296 (10th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997)); *Allen v. IM Solutions, LLC*, 83 F. Supp. 3d 1196, 1204 (E.D.

Okla. 2015) ("That [defendant] operates websites accessible in Oklahoma does not confer general jurisdiction."). Indeed, even prior to *Daimler*'s recent recognition of the limitations of general jurisdiction, the Tenth Circuit held that "[a] web site will subject a defendant to general personal jurisdiction *only* when the defendant has *actually and deliberately* used its website to conduct commercial transactions *on a sustained basis* with a *substantial number of residents* of the forum." *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011) (quoting *Smith v. Basin Park Hosp., Inc.*, 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001)) (emphasis added). Plaintiff has not and cannot allege such conduct here. Indeed, over the last three years, Plasticland has conducted only 279 transactions with Oklahoma residents. (Ex. 1, Nyhus Aff. ¶ 7.) These transactions represent just 0.96 % of Plasticland's total volume of transactions—hardly the deliberate, sustained, and substantial conduct required under *Shrader*. (*See* Ex. 1, Nyhus Aff. ¶ 7.)

Even before *Daimler*, sales at this level did not support general jurisdiction. *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (holding twelve internet sales for $14,000 over eight years insufficient for general jurisdiction); *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (holding sales of thirty-five subscriptions in two years insufficient for general jurisdiction); *Bird v. Parsons*, 289 F.3d 865, 873–74 (6th Cir. 2002) (holding 4,666 internet domain-name registrations, specifically analogized to sales, insufficient for general jurisdiction); *ESAB Grp., Inc. v. Ex. Centricut, Inc.*, 126 F.3d 617, 623–24 (4th Cir. 1997) (holding twenty-six mail order customers in forum state insufficient for general jurisdiction). Thus, even under this metric, Plaintiff cannot establish that Nyhus and Berry or Plasticland have "continuous and systematic affiliations" with the State of Oklahoma, as required by *Daimler* to support general jurisdiction.

### B. Nyhus and Berry do not purposefully direct Plasticland's activities at residents of Oklahoma, as required for specific jurisdiction.

The allegations in the Complaint similarly fail to show any basis for specific jurisdiction over Nyhus and Berry. As discussed above, Plasticland does not purposefully direct any of its products, let alone the so-called "infringing" masks and socks, at Oklahoma, or purposely avail itself of the privilege of doing business in Oklahoma. (*See* Ex. 2, Website Excerpts.) Plasticland merely operates a website accessible from every state in the nation, including by individuals in Oklahoma who unilaterally seek out Plasticland's products. To that end, Plasticland has sold two of the alleged "infringing" masks and one of each pair of the alleged "infringing" socks to a resident of Oklahoma: *to Plaintiff herself*. (Ex. 1, Nyhus Aff. ¶ 8-10.)

Plaintiff's purchase of the masks and socks—apparently made in an attempt to set up personal jurisdiction in Oklahoma—cannot support specific jurisdiction here, as "the mere unilateral activity of those who claim some relationship with the nonresident defendant cannot satisfy the requirement of contact with the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). Plaintiffs cannot manufacture contacts with the forum state for the purpose of creating jurisdiction. As the *Walden* Court remarked, "[T]he plaintiff cannot be the only link between the defendant and the forum." 134 S. Ct. at 1122; *see also Shelby v. Bauer Pac. Imports, LLC*, No. CIV-15-488-C, 2015 WL 4496205, at *2 (W.D. Okla. July 22, 2015).

Courts thus have refused to exercise specific jurisdiction over a non-resident defendant where the defendant's only transactions with residents of the forum state were website based and entered into with the Plaintiff or persons affiliated with the Plaintiff. For instance, in *Shamsuddin v. Vitamin Research Products*, 346 F. Supp. 2d 804 (D. Md. 2004), a patent infringement case, the plaintiff attempted to establish personal

jurisdiction over a non-resident defendant-corporation based on two sales of alleged "infringing" products to acquaintances of the plaintiff in Maryland through the defendant's website and toll-free catalog number. *Id.* at 806. In conducting the jurisdictional inquiry, the court wisely noted,

> Website interactivity is important only insofar as it reflects commercial activity, and then only insofar as that commercial activity demonstrates purposeful targeting of residents of the forum state or purposeful availment of the benefits or privileges of the forum state….[T]he ultimate question remains the same, that is, whether the defendant's contacts with the state are of such a quality and nature such that it could reasonably expect to be haled into the courts of the forum state.

*Id.* at 813 (quotation and citation omitted). The court ultimately found jurisdiction lacking:

> [D]efendant's only contacts with Maryland are a commercial, interactive website which is accessible to Maryland residents (as it is to persons across the country and around the world), and two sales of [its] product to Maryland residents who are acquaintances of plaintiff….Two sales to Maryland residents and maintenance of a commercial website do not rise to the level of contacts of such 'quality and nature' that the exercise of personal jurisdiction…would comport with due process.

*Id.*

So, too, in *Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 911 (D. Or. 1999), a trademark infringement case involving the Internet sale of one alleged "infringing" CD to an Oregon resident at the behest of plaintiff's counsel, the court found, "Defendants cannot be said to have 'purposely' availed themselves of the protections of the forum when it was an act of someone associated with plaintiff, rather than defendants' Web site advertising, that brought defendants' product into this forum." *Id.* at 910-11; *see also Swoboda v. Hero Decks*, 36 So. 3d 994, 999-1000 (La. Ct. App. 2010) (where specific jurisdiction was premised on plaintiff's attorney's purchase of

alleged infringing deck of cards, but "[o]ther than the ability of Louisiana residents to access the website and purchase the merchandise, the record is void of any other contact [defendant] had with Louisiana," finding contacts "too attenuated to constitutionally exercise personal jurisdiction over [defendant]").

Indeed, another district court in the Tenth Circuit has gone so far as to reject the premise that an infringement claim gives rise to specific jurisdiction in the plaintiff's home state by virtue of the alleged harm felt there. In *Medinfo, Inc. v. MedTool LLC*, No. 15-cv-00260-MEH, 2015 WL 3542712 (D. Colo. June 5, 2015), the Court granted a motion to dismiss for lack of personal jurisdiction where the defendant made one website sale of the alleged infringing product to the plaintiff's counsel. *See id.* at *1. The court found that the plaintiff failed to present evidence that the defendant purposefully directed its activities at the forum state. *Id.* at *3.

> I do not believe that mere 'knowing' infringement (and, of course, MedTool denies any infringement), equates with purposefully directing activities at the patent holder's place of business. 'Personal jurisdiction does not speak to infringement or validity at all.' Moreover,…Supreme Court precedent strongly suggests that intentional infringement does not create personal jurisdiction in the patent holder's forum. The present case is very similar to *Oticon, Inc. v. Sebotek Hearing Systems, LLC*, 865 F. Supp. 2d 501, 518 (D.N.J. 2011), in which the court found that the plaintiff had established the existence of an intentional tort of willful infringement. This, even in light of the existence of some sales in the forum state, was not sufficient to establish personal jurisdiction over the defendant. Rather, the fact that the defendant had not purposefully aimed its conduct at the forum state was dispositive on the finding of a lack of personal jurisdiction. I believe the same result must prevail here.

*Id.* (citations omitted).

This Court should ignore the sales to Plaintiff for the same reasons. Plainly stated, "Plaintiff's purchase of the masks [and socks] are insufficient to create specific jurisdiction." *Shelby v. Bauer Pac. Imports*, 2015 WL 4496205, at *2.

### III.  The exercise of jurisdiction over Nyhus and Berry would violate due process.

Even if Plaintiff could make a *prima facie* showing of Nyhus and Berry's minimum contacts with Oklahoma, an exercise of personal jurisdiction over these defendants would be unreasonable, unfair, and in violation of due process. The Tenth Circuit has identified the following factors to be considered in determining the reasonableness of the assertion of personal jurisdiction:

> In determining whether exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," we consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095-96 (10th Cir. 1998). These factors demonstrate the unreasonableness of exercising personal jurisdiction over Nyhus and Berry in Oklahoma.

#### 1.  Burden on the defendant of litigating in the forum

"While not dispositive, the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction." *World-Wide Volkswagen*, 444 U.S. at 292. The burden on Nyhus and Berry in this case is significant. Nyhus and Berry are two individuals operating a small business based in Texas. Accordingly, this factor weighs against the exercise of personal jurisdiction over Nyhus and Berry.

### 2. Forum state's interest in adjudicating the dispute

The forum state has an interest in exercising personal jurisdiction over a defendant where one or more of the plaintiffs is a resident of the forum state. *See Sleepy Lagoon, Ltd. v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1310 (N.D. Okla. 2011). Plaintiff admittedly resides in the forum, giving Oklahoma an interest in exercising jurisdiction, yet other considerations outweigh this factor.

### 3. Plaintiff's interest in convenient and effective relief

This element hinges on whether Plaintiff may obtain convenient and effective relief in another forum. "This factor may weigh heavily in cases where a plaintiff's chances of recovery will be greatly diminished by forcing it to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *OMI Holdings*, 149 F.3d at 1097. No such danger exists here. Plaintiff's claims are based on federal law. There is no peculiarity of Oklahoma law that greatly enhances her chances of recovery here, as opposed to in another forum. Moreover, there is nothing to suggest that pursuing a lawsuit against Nyhus and Berry in a state with which they have the requisite minimum contacts will be so burdensome as to foreclose pursuit of Plaintiff's claims. Thus, this factor does not support this Court's assertion of jurisdiction over Nyhus and Berry.

### 4. Interstate judicial system's interest in obtaining efficient resolution

This factor examines whether the forum state is the most efficient place to litigate the dispute. *Id.* Key parts of this inquiry are where the wrong underlying the lawsuit occurred and what state's substantive law governs the case. *Id.* As noted above, this case involves the application of federal, as opposed to state, law. And Oklahoma is not the place where

the "wrong" occurred because Nyhus and Berry conducted no activities in Oklahoma.[2] Thus, Oklahoma is in no way the "most efficient" place in which to litigate this dispute.

### 5. State interest in furthering fundamental substantive social policies

The final factor to be considered is the interests of the several states, in addition to the forum state, in advancing fundamental substantive social policies. *Id.* at 1098. The analysis of this factor focuses on whether the exercise of jurisdiction by the forum state affects the substantive social policy interests of other states. This factor does not appear to apply in this case.

In conclusion, the Tenth Circuit has noted that: "personal jurisdiction analysis requires that [the court] draw a line in the sand. At some point, the facts supporting jurisdiction in a given forum are so lacking that the notions of fundamental fairness inherent in the Due Process Clause preclude a district court from exercising jurisdiction over a defendant." *Id.* Nyhus and Berry's contacts with Oklahoma are so isolated and attenuated that forcing them to litigate this action in Oklahoma would be unreasonable and inconsistent with the notions of "'fair play and substantial justice' which form the bedrock of the due process inquiry." *Id.*

## CONCLUSION

For the foregoing reasons, Nyhus and Berry respectfully request that the Court dismiss them from this litigation for lack of personal jurisdiction.

---

[2] Nyhus and Berry preserve their ability to argue that one or more defendants are inappropriately joined.

Respectfully submitted,

s/Barbara M. Moschovidis
Craig A. Fitzgerald, OBA No. 15233
Barbara M. Moschovidis, OBA No. 31161
**GableGotwals**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 595-4990 (fax)
*cfitzgerald@gablelaw.com*
*bmoschovidis@gablelwa.com*

**Attorneys for Defendants Rebecca Nyhus and Jordan Berry d/b/a Plasticland**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of the Electronic Filing to the following ECF registrants:

Edward L White

s/Barbara M. Moschovidis

{1504850;2}                                   15